UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SHEREE J. EPPENGER-POLLARD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CAUSE NO.  3:05-CV-116RM |
| | ) | |
| LOCK JOINT TUBE, INC., MICHAEL | ) | |
| LANCIOTTI, and JIM SZEKENDI, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Sheree J. Eppenger-Pollard sues her former employer, Lock Joint Tube, Inc.,
and two of its employees (Michael Lanciotti and Jim Szekendi) under Title VII of
the Civil Rights Act of 1964, alleging racial discrimination. Mr. Lanciotti and Mr.
Szekendi ask the court to dismiss Ms. Eppenger-Pollard's Title VII claims against
them for failure to state a claim under FED. R. CIV. P. 12(b)(6), and all defendants
ask the court to strike portions of Ms. Eppenger-Pollard's complaint pursuant to
FED. R. CIV. P. 12(f). For the reasons that follow, the court grants the motion to
dismiss the individual defendants, and denies the motion to strike.

*Motion to Dismiss*

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not
its underlying merits, see Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir.
1990), and the court must accept all factual allegations in the complaint as true
and draw all reasonable inferences from those facts in the plaintiff's favor. Slaney

v. Int'l Amateur Athletic Fed'n., 244 F.3d 580, 597 (7th Cir. 2001). Dismissal under FED. R. CIV. P. 12(b)(6) is proper only if it appears beyond doubt that the plaintiff can prove no set of facts entitling her to relief. Szumny v. American Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

Mr. Lancioti and Mr. Szekendi seek dismissal to the extent Ms. Eppenger-Pollard's claims seek to hold them individually liable. The court agrees with Mr. Lanciotti and Mr. Szekendi that, as employees of Joint Lock Tube, they cannot be held liable under Title VII.

Title VII gives an employee the right to sue his employer for discrimination. 42 U.S.C. § 2000e-2 (a)(1). Congress intended only for employers to be liable for their agent's actions under the traditional respondent superior doctrine, not for agents to be personally liable. Gastineau v. Fleet Mortgage Corporation, 137 F.3d 490, 494 (7th Cir. 1998).

In Gastineau, the Court of Appeals  affirmed the district court's decision to grant the individual defendants' motion to dismiss because as coworkers, the defendants were not covered by Title VII. Id. Nothing in Ms. Eppenger-Pollard's complaint alleges that Mr. Lanciotti and Mr. Szekendi fall within the Title VII definition of "employer." Mr. Eppenger-Pollard can prove no facts making these individual defendants liable.

*Motion to Strike*

Lock Joint Tube, Mr. Lanciotti and Mr. Szekendi collectively ask the court to strike certain portions of  Ms. Eppegner-Pollard's complaint. Because Ms. Eppenger-Pollard's claims against Mr. Lanciotti and Mr. Szekendi are being dismissed, Mr. Lanciotti and Mr. Szekendi's motion to strike is denied as moot. This discussion addresses the motion to strike only as it pertains to Ms. Eppegener-Pollard's claims against Lock Joint Tube.

A defendant may move to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. FED. R. CIV. P. 12(f). Motions to strike are disfavored because they may serve only to cause delay, Heller v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989), but may be granted if the allegations have no bearing on the subject matter of the litigation and will prejudice the defendants. Talbot v. Robert Mathews Distributing Co., 961 F.2d 654, 664 (7th Cir. 1992). Lock Joint Tube alleges that allegations and exhibits related to the parties' settlement negotiations should be stricken because such allegations are inadmissible and prejudicial under FED. R. EVID. 408.

Rule 408 forbids the admission of statements made during settlement negotiations to prove liability or lack of liability. Bankcard Am., Inc. v. Universal Bancard Sys., Inc., 203 F.3d 477, 483 (7th Cir 2000). Because settlement talks might be chilled if such discussions could later be used as admissions of liability at trial, the rule's purpose is to encourage settlements . Id.

At least one other district court has granted a motion to strike based on

Rule 408. In <u>Braman v. Woodfield Gardens Ass'n, Realcorp Investors I</u>, 715 F. Supp. 226, 230 (N.D. Ill. 1989), the court granted the defendant's motion to strike finding that the underlying purpose behind Rule 408 would be undermined if the court were to admit statements made during settlement negotiations. Other courts have denied motions to strike based on Rule 408 when it was unclear whether the evidence in question would be used for an inadmissible purpose. *See* <u>Bishops Bay Founder Group, Inc. V. Bishops Bay Apartments, LLC</u>. 301 F. Supp. 2d 901, 904 (W.D. Wis. 2003). In <u>Eskofot A/S v. E.I. Du Pont De Nemours and Co.</u>, 872 F. Supp. 81, 94 (S.D.N.Y. 1995), the court denied the defendant's motion to strike portions of the plaintiff's complaint which pertained to the parties' efforts to settle the dispute. The court declined to decide the issue of admissibility of evidence, noting that such a decision before completion of discovery would be premature because there was a possibility that the pleading could form the basis for admissible evidence.

Ms. Eppenger-Pollard's response makes clear that she intends to use letters from her former counsel, which reference previous settlement offers, as evidence establishing Lock Joint Tube's liability. She expressly states that Lock Joint Tube's settlement offers amount to an admission of guilt. Her intent may change after she reviews Rule 408, which bans the evidentiary use of offers for compromise to show liability. Nonetheless, Rule 408 is a rule governing the admission of evidence in court, *see* FED. R. EVID. 1101, not a rule of pleading, and Ms. Eppenger-Pollard has not implicated Rule 408 by offering the letters into

evidence. Lock Joint Tube says the letters' inclusion in the court record is prejudicial to it, but does not explain why. The letters do not appear to be scandalous, impertinent, or immaterial — even if they will be inadmissible in evidence. The court denies the motion to strike.

*Conclusion*

For these reasons, the court GRANTS the motion to dismiss [docket no. 5], and DISMISSES WITH PREJUDICE all claims against Mr. Lanciotti and Mr. Szekendi;, and DENIES the defendants' motion to strike [docket no. 7].

SO ORDERED.

Dated: <u>September 9, 2005</u>

<u>    /s/ Robert L. Miller, Jr.      </u>
Chief Judge
United States District Court